UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

FILED

MAY -7 2015

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

| | |
|---|---|
| In re VIROPHARMA INCORPORATED SECURITIES LITIGATION | Civil Action No. 2:12-cv-02714 |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS |

WHEREAS, as of April 28, 2015, (a) Carpenters' Local 27 Defined Benefit Trust Fund ("Lead Plaintiff"), on behalf of itself and the proposed Settlement Class; (b) ViroPharma Incorporated ("ViroPharma" or the "Company"); and Vincent J. Milano, Charles A. Rowland, Jr., Thomas F. Doyle and J. Peter Wolf (the "Individual Defendants" and, collectively with the Company, the "Defendants"), by and through their respective duly authorized counsel, entered into a Stipulation and Agreement of Settlement (the "Settlement Agreement") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the claims alleged in the Amended Class Action Complaint for Violations of the Federal Securities Laws, filed in this Action on October 19, 2012 ("Complaint") against the Defendants on the merits and with prejudice (the "Settlement");

WHEREAS, all capitalized terms used in this Order that are not otherwise defined herein have the meanings defined in the Settlement Agreement;

WHEREAS, the Court has read and considered the Settlement Agreement to determine, among other things, whether the Settlement is sufficiently fair, reasonable, and adequate to warrant the issuance of notice of the proposed Settlement to the members of the Settlement Class; and

WHEREAS, the Settling Parties to the Settlement Agreement have consented to the entry of this Order;

NOW, THEREFORE, the Court, declares that it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Jurisdiction**. The Court has jurisdiction over the subject matter of this Action and over the Settling Parties.

2. **Settlement Class**. The Court hereby certifies the following class for the purposes of settlement only (the "Settlement Class"), pursuant to Rule 23(a) and Rule 23(b)(3) of the Federal

Rules of Civil Procedure: all Persons that purchased or otherwise acquired ViroPharma Securities between December 14, 2011 and April 9, 2012, inclusive, (the "Class Period") and were damaged thereby. Excluded from the Settlement Class are: Defendants; the Company's officers, directors, and employees during the Class Period; the Company's successors, and assigns; any person, entity, firm, trust, corporation or other entity related to, affiliated with, or controlled by any of the Defendants, as well as the Immediate Families of the Individual Defendants. Also excluded from the Settlement Class are those Persons who submit valid and timely requests for exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

3. The Court finds and concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, in that:

(a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b) there are questions of law and fact common to Settlement Class Members;

(c) Lead Plaintiff's claims are typical of the Settlement Class's claims;

(d) Lead Plaintiff and its counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e) the questions of law and fact common to the Settlement Class Members predominate over any individual questions; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering that the claims of Settlement Class Members in the Action are substantially similar and would, if tried, involve substantially identical proofs and may therefore be efficiently litigated and resolved on an aggregate basis as a class action; the amounts of the claims of many of the Settlement Class Members are too small to justify the expense of

individual actions; and it does not appear that there is any intent among Settlement Class Members in individually controlling the litigation of their claims.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, Lead Plaintiff Carpenters' Local 27 Benefit Trust Fund, is certified as Class Representative for the Settlement Class.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, the law firm of Labaton Sucharow LLP is appointed Class Counsel for the Settlement Class.

6. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

7. **Preliminary Findings Concerning Proposed Settlement.** The Court preliminarily finds that the proposed Settlement should be approved as it: (i) is the result of serious, extensive arm's-length and non-collusive negotiations; (ii) falls within a range of reasonableness warranting final approval; (iii) has no obvious deficiencies; (iv) does not improperly grant preferential treatment to the Lead Plaintiff or segments of the Settlement Class; and (v) warrants notice of the proposed Settlement to Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

8. **Settlement Hearing.** A hearing (the "Settlement Hearing") will be held on **October 29**, 2015 at **1:00** p.m. before the Honorable C. Darnell Jones, II in Courtroom **TBD** of the United States District Court for the Eastern District of Pennsylvania, at the James A. Byrne U.S. Courthouse, 601 Market Street, Philadelphia, PA 19106, to determine, among other things:

- 3 -

(a) whether the proposed Settlement of the Action on the terms and conditions provided in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court;

(b) whether a Final Judgment and Order substantially in the form of Exhibit B to the Settlement Agreement should be entered, dismissing the Action in its entirety and with prejudice; whether the covenants by the Settlement Class and the release by the Settlement Class of the Released Claims, as set forth in the Settlement Agreement, should be provided to the Released Defendant Parties; and whether the Settlement Class should be forever barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against the Released Defendant Parties;

(c) whether the proposed Plan of Allocation of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(d) whether the Settlement Class should be finally certified for the purposes of the Settlement only; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Sucharow LLP should be finally appointed Class Counsel for the Settlement Class;

(e) whether Plaintiff's Counsel's application for a Fee and Expense Award should be granted; and

(f) such other matters as may properly be before the Court in connection with the Settlement.

9. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the

Settlement Hearing or modify any of the dates herein without further notice to members of the Settlement Class.

10.    **Notice**. The Court approves the form, substance, and requirements of the Notice and Summary Notice (together, the "Notices") and the Proof of Claim form annexed hereto as Exhibits 1-3 and finds that the procedures established for publication, mailing, and distribution of the Notices and Proof of Claim form substantially in the manner and form set forth in paragraphs 10-12 of this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement Agreement and of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(7), the Rules of this Court, and any other applicable law.

11.    **Retention of Claims Administrator and Manner of Notice**. The Court approves the retention of The Garden City Group, LLC as the Claims Administrator to supervise and administer the notice procedure and the processing of claims under the supervision of Lead Counsel as more fully set forth below:

(a)    Not later than ten (10) business days after entry of this Order by this Court (the "Notice Date"), the Claims Administrator shall cause the Notice, substantially in the form attached hereto as Exhibit 1, along with a Proof of Claim form, substantially in the form attached hereto as Exhibit 2, to be sent to each Settlement Class Member who can be identified by reasonable

effort. Such notice shall be sent by first-class mail, postage prepaid, to the Settlement Class Members' last known address. Not later than five (5) business days after entry of this Order, ViroPharma shall provide to Lead Counsel, or the Claims Administrator, at no cost, a list in electronic searchable form of the names and addresses of the Persons who purchased ViroPharma Securities during the Class Period, as identified in the records maintained by ViroPharma's transfer agent(s).

(b) Not later than fourteen (14) calendar days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit 3, to be published in *Investor's Business Daily* and disseminated over *PR Newswire*, a national business-oriented wire service. The Summary Notice need not be published in each of these media on the same day.

(c) Not later than thirty-five (35) calendar days before the Settlement Hearing, Lead Counsel shall file with the Court one or more affidavits or declarations showing timely compliance with the foregoing mailing and publication requirements.

12. **Nominee Purchasers**. Banks, brokerage firms, institutions, and other Persons who are nominees that purchased ViroPharma Securities for the beneficial interest of other Persons during the Class Period ("Nominee Purchasers") shall, within seven (7) calendar days of receiving the Notice: (a) provide to the Claims Administrator the name and last-known address of each such beneficial owner; or (b) request additional copies of the Notice and Proof of Claim form and, within seven (7) calendar days of receipt, mail the Notice and Proof of Claim form directly to such beneficial owners. Nominee Purchasers following procedure (b) shall promptly send a statement to the Claims Administrator confirming that the mailing was made as directed. The Claims Administrator shall, if requested, and upon receipt of appropriate supporting documentation, reimburse Nominee Purchasers out of the Settlement Fund solely for Nominee Purchasers'

reasonable out-of-pocket expenses incurred in sending the Notice and Proof of Claim form to the beneficial owners who are potential Settlement Class Members, which expenses would not have been incurred except for the sending of such notice, subject to further Order of this Court with respect to any dispute concerning such reimbursement.

13. **Submission of Proof of Claim Forms.** In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Settlement Agreement, each Settlement Class Member shall take the following actions and be subject to the following conditions:

(a) Any Settlement Class Member who wishes to participate in the distributions of the Net Settlement Fund must sign and return a completed Proof of Claim form in accordance with the instructions contained therein and in the Notice. All Proofs of Claim must be submitted by first-class mail, postmarked no later than 120 calendar days after the Notice Date. Such deadline may be further extended by Court Order or by Lead Counsel in its discretion. If a Settlement Class Member chooses to return his, her, or its Proof of Claim in a manner other than by first-class mail (including electronic submission), then the Proof of Claim must be actually received by the Claims Administrator no later than 120 calendar days after the Notice Date, or such other date as may be set by the Court or allowed by Lead Counsel. Unless otherwise ordered by the Court or allowed by Lead Counsel, any Settlement Class Member who does not sign and return a valid Proof of Claim within the time provided shall be barred from sharing in the distribution of the Net Settlement Fund, but shall nonetheless be bound by the Settlement Agreement, the Judgment and the releases therein.

(b) The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions, unless otherwise ordered by the Court: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the

- 7 -

transactions reported therein, in the form of broker-confirmation slips, broker-account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by Lead Counsel; (iii) if the person executing the Proof of Claim is acting in a representative capacity, a certification of her current authority to act on behalf of the Settlement Class Member must be included in the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

(c) As part of the Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted.

14. **Exclusions from the Settlement Class.** Any Settlement Class Member who does not timely submit a valid written request for exclusion from the Settlement Class in accordance with the instructions in the Notice and herein is a Settlement Class Member and shall be bound by all of the terms and conditions of the Settlement Agreement, and by all proceedings, rulings, orders, and judgments in this Action regardless of whether such Settlement Class Member submits a Proof of Claim form. Requests for exclusion shall be made in writing and shall clearly state the name, mailing address, daytime telephone number, and e-mail address of the Person seeking exclusion; shall list the date(s), price(s), and number(s) of ViroPharma common shares, Notes, and options purchased, acquired, or sold during the Class Period; and state clearly that the Person "wishes to be excluded from the Settlement Class in *In re ViroPharma Securities Litigation*, Civil Action No. 2:12-cv-02714." Requests for exclusion must be submitted by first-class mail or delivered so that they are received no later than twenty-one (21) days before the Settlement Hearing. A request for exclusion shall not be effective unless it provides the required information set forth herein and in the Notice and is made within the time stated herein, or the request for exclusion is otherwise accepted

by the Court. Any Settlement Class Member who is excluded from the Settlement Class shall not be entitled to participate in any distributions from the Net Settlement Fund.

15. **Objections to Settlement.** Any member of the Settlement Class who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, to the Plan of Allocation, to any term of the Settlement Agreement, to the proposed Fee and Expense Application, or to Lead Plaintiff's request for reimbursement of its expenses in representing the Settlement Class may file an objection. An objector must file with the Court a written statement of his, her, or its objection(s): (a) clearly indicating the objector's name, mailing address, daytime telephone number, and e-mail address; (b) stating that the objector is objecting to the proposed Settlement, Plan of Allocation, Fee and Expense Application or Lead Plaintiff's request for reimbursement of its expenses in representing the Settlement Class in *In re ViroPharma Securities Litigation*, Civil Action No. 2:12-cv-02714; (c) specifying the reason(s), if any, for the objection, including any legal support and/or evidence, including witnesses, that such objector wishes to bring to the Court's attention or introduce in support of such objection; and (d) listing the date(s), price(s), and number(s) of ViroPharma common shares, Notes, and options purchased, acquired, or sold during the Class Period. The objector must mail or deliver the objection and all supporting documentation to Lead Counsel and Defendants' Counsel's representative. The addresses for filing objections with the Court and service on counsel are as follows:

*To the Court:*

Clerk of the Court
United States District Court
 for the Eastern District of Pennsylvania
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

*To Lead Counsel:*

Jonathan Gardner, Esq.
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005

*To Defendants' Counsel's Representative:*

Marc J. Sonnenfeld, Esq.
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

The objector, or his, her, or its counsel (if any), must serve the objection upon the counsel listed above and file it with the Court so that it is received no later than twenty-one (21) days before the Settlement Hearing. Any member of the Settlement Class who does not timely file and serve a written objection complying with the terms of this paragraph and the Notice shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, the Plan of Allocation, and the Fee and Expense Application unless otherwise ordered by the Court. Any submissions by the Settling Parties in opposition or response to objections shall be filed with the Court no later than seven (7) calendar days before the Settlement Hearing.

16.     **Appearance at Settlement Hearing.** Any objector who files and serves a timely, written objection in accordance with the instructions above and in the Notice, may also appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Settlement Hearing must effect service of a notice of intention to appear on Lead Counsel and on Defendants' Counsel's representative at the addresses

set out above. The objector must also file the notice of intention to appear with the Court no later than twenty-one (21) days before the Settlement Hearing. Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph and the Notice shall not be permitted to appear at the Settlement Hearing, except for good cause shown.

17. **Service of Papers.** Counsel for the Defendants and Lead Counsel shall promptly furnish all Settling Parties with copies of any and all objections and notices of intention to appear that come into its possession. All papers in support of the Settlement, Plan of Allocation, and the Fee and Expense Application shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. If reply papers are necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

18. **Notice and Administration Expenses and Escrow Matters.** As provided in the Settlement Agreement, prior to the Effective Date, Lead Counsel may pay the Claims Administrator a portion of the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund without further approval from the Defendants and without further order of the Court.

19. The passage of title and ownership of the Settlement Fund to the Escrow Agent in accordance with the terms and obligations of the Settlement Agreement is approved. No person who is not a Settlement Class Member or Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Settlement Agreement. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Settlement Agreement and/or further order of the Court.

20. **Bar on Litigating Released Claims.** Pending final determination of whether the Settlement should be approved, Lead Plaintiff and all other Settlement Class Members, and anyone who acts or purports to act on their behalf, shall not institute, prosecute, participate in, or assist in the institution, prosecution, or assertion of any Released Claim against any of the Released Defendant Parties.

21. **Termination of Settlement.** If the Settlement fails to become effective as defined in the Settlement Agreement or is terminated pursuant to the Settlement Agreement, then, in any such event, the Settlement Agreement, including any amendment(s) thereof, except as expressly provided in the Settlement Agreement and this Preliminary Approval Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Settling Parties, and the Settling Parties shall be deemed to have reverted to their respective litigation positions in the Action on February 5, 2015.

22. **Use of Order.** This Order shall not be construed or used as an admission, concession, or presumption by or against any of the Released Defendant Parties of any fault, wrongdoing, breach, or liability or as a waiver by any Settling Party of any arguments, defenses, or claims he, she, or it may have in the event that the Settlement Agreement is terminated, nor shall it be used in any manner prohibited by paragraph 47 of the Settlement Agreement. In the event this Order becomes of no force or effect, it shall not be construed or used as an admission, concession, or presumption by or against the Released Defendant Parties, the Released Plaintiff Parties, or the Settlement Class.

23. **Stay.** All proceedings in this Action are stayed until further Order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Settlement

Agreement and this Order. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

24. **Jurisdiction**. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

SO ORDERED this _7th_ day of _May_, 2015.

_____
THE HONORABLE C. DARNELL JONES, II
UNITED STATES DISTRICT JUDGE