# Exhibit 5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re VIROPHARMA INCORPORATED SECURITIES LITIGATION | ) ) ) | Civil Action No. 2:12-cv-02714 |
| ———————————————— | ) | CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) | |
| | ) ) | |
| ———————————————— | ) | |

## DECLARATION OF PAUL J. SCARLATO FILED ON BEHALF OF GOLDMAN SCARLATO & PENNY, P.C. IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

I, Paul J. Scarlato, declare as follows pursuant to 28 U.S.C. §1746:

1.      I am a member of the firm of Goldman Scarlato & Penny, P.C. I am submitting this declaration in support of my firm's application for an award of attorneys' fees and expenses in connection with services rendered in the above-entitled action (the "Action") from inception through September 11, 2015 (the "Time Period").

2.      My firm served as Court appointed Liaison Counsel for Lead Plaintiff and the proposed class and participated in various aspects of the prosecution of the Action and settlement of the claims, as set forth in detail in the Declaration of Jonathan Gardner in Support of Lead Plaintiff's Motion for Final Approval of Class Action Settlement and an Award of Attorneys' Fees and Expenses, dated September 24, 2015.

- 1 -

3.      The identification and background of my firm and its partners is attached hereto as Exhibit A.

4.      During the course of this litigation, I and my firm have been involved in the following activities on behalf of the plaintiffs. In addition to my firm's duties as Liaison Counsel, I was one of the primary drafters of the Amended Class Action Complaint for Violation of the Federal Securities Laws. In connection therewith, I investigated the facts and law related to, among other things, the background of the Company, the statutory and regulatory framework for new prescription drug approval, and ViroPharma's multi-year battle to ward off generic competition. I had numerous meetings with Lead Plaintiff's consulting expert, and participated in the FOIA process through which Lead Plaintiff obtained documents from the FDA. Among other things, I contributed to the efforts to oppose Defendants' motion to dismiss, and the sur-reply thereto. I also assisted with the preparation for oral argument of Defendants' motion to dismiss, and attended the argument. I was also one of the drafters of Lead Plaintiff's opposition to Defendants' motion to certify the Court's Order for interlocutory appeal and for a stay of discovery, and the sur-reply thereto. Additionally, I was involved with discovery and settlement efforts.

5.      The information in this declaration regarding the firm's time and expenses is taken from time and expense printouts prepared and maintained by the firm in the ordinary course of business. These printouts (and backup documentation where necessary or appropriate) were reviewed to confirm both the accuracy of the entries on the printouts as well as the necessity for and reasonableness of the time and expenses committed to the Action. As a result of these reviews, I believe that the time reflected in the firm's lodestar calculation and the expenses for which payment is sought are reasonable in amount and were necessary for the effective and efficient prosecution and resolution of the Action. In addition, I believe that the expenses are all of a type that would normally be charged to a fee-paying client in the private legal marketplace.

6.      The schedule attached hereto as Exhibit B is a summary indicating the amount of time spent by the attorneys of my firm who were involved in the prosecution of the Action, and the lodestar calculation based on my firm's current billing rates.  The schedule was prepared from contemporaneous daily time records regularly prepared and maintained by my firm, which are available at the request of the Court.  Time expended in preparing this application for fees and payment of expenses has not been included in this request.

7.      The total number of hours spent on this Action by my firm during the Time Period is 542.10.  The total lodestar amount for attorney/professional staff time based on the firm's current rates is $376,759.50.

8.      The hourly rates for the attorneys of my firm included in Exhibit B are my firm's usual and customary billing rates, which have been accepted in other securities or shareholder litigations.  My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expenses items.  Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9.      My firm seeks an award of $751.73 in expenses/charges in connection with the prosecution of the Action.  They are broken down as follows:

### EXPENSES/CHARGES

From Inception to September 11, 2015

| CATEGORY | TOTAL |
|---|---|
| Duplicating | $377.20 |
| Postage | $3.01 |
| Messenger, Overnight Delivery | $145.99 |
| Online Legal and Financial Research Fees | $225.53 |
| TOTAL | $751.73 |

- 3 -

10.    The expenses pertaining to this case are reflected in the books and records of this firm.  These books and records are prepared from receipts, expense vouchers, check records and other documents and are an accurate record of the expenses.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 24th day of September, 2015.

Paul J. Scarlato

# Exhibit A

## GOLDMAN SCARLATO & PENNY, P.C.

GOLDMAN SCARLATO & PENNY, P.C. concentrates its practice in complex litigation involving violations of federal and state securities, consumer-protection and antitrust laws, litigating cases in federal and state courts throughout the country.

The Firm has played a prominent role and achieved notable successes in many leading cases involving violations of federal securities laws. Firm member Paul Scarlato served as co-lead counsel in *In re Corel Corporation Securities Litigation,* (ED PA), which resulted in a substantial settlement for the class. Mr. Scarlato also was one of the three lead attorneys for the plaintiff class of shareholders in *Kaufman v. Motorola, Inc.,* which settled for $25 million just weeks before trial, and was one of the lead plaintiff's counsel in which his prior firm was sole lead counsel, *Seidman v. American Mobile Systems, Inc.,* (ED PA) that obtained a sizeable settlement for the plaintiff class on the eve of trial. Mark Goldman served as co-lead counsel in *Graf v. Cyber-Care,* a securities fraud class action in the Southern District of Florida which resulted in a substantial recovery for the class. Brian Penny and Paul Scarlato were key members of the plaintiffs' team that prosecuted *In re Broadcom Securities Litigation*, (settlement of $150 million for the class), *In re SafeNet, Inc. Securities Litigation* ($25 million settlement)*, and *In re Semtech Securities Litigation* ($20 million settlement)*. Messrs. Scarlato, Penny and Goldman were members of the plaintiffs' team that prosecuted the *AOL Time Warner Securities Litigation*, (settlement of over $2.5 billion for investors). The Firm's attorneys have, or are presently prosecuting securities fraud claims in courts across the country involving a broad spectrum of industries, as described in the individual lawyer's sections below.

The firm has also played a prominent role in many of the leading cases involving violations of federal and state consumer and antitrust laws pending in courts throughout the United States.

The Firm is currently serving as lead or co-lead counsel in *In re Class 8 Truck Transmission Indirect Purchaser Antitrust Litigation*, 11-cv-00009 (D. Del. 2009) (alleging an antitrust conspiracy in the market for line haul truck transmissions); *Kaufman v. CVS Caremark Corp.*, (D. R.I. 2014) (alleging false and misleading statements in the sale and packaging of vitamin E); *Bradach v. Pharmavite*, *et. al*. (C.D. Cal. 2014) (alleging false and misleading statements in the sale and packaging of vitamin E); *Mirakay v. Dakota Growers Pasta Co.* (D.N.J. 2013) (alleging false and misleading advertising of pasta products); *Boris v. Walmart*, 13-cv-07090 (C.D. Cal. 2013) (alleging consumer deception in sale of migraine medication); and *Allan v. Realcomp II* (E.D. Mich. 2010) (alleging price-fixing in the market for real estate brokerage services).

The Firm is also serving as one of class counsel in several other class actions, including: *In re Community Health Systems Inc. Customer Security Databreach Litigation* (N.D. Ala. 2015) (executive committee); *In Re NHL Concussion Litigation* (D. Minn. 2014) (executive committee member); *In re Target Corporation Customer Data Security Breach Litig.* (D. Minn. 2014) (complaint committee); *In re Air Cargo Antitrust Litigation* (E.D.N.Y. 2006) (co-chair of the expert's committee); *In re Aftermarket Automotive Products Antitrust Litigation* (E.D. Mich. 2012); *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litigation* (D.N.J. 2012); *In re CRT Indirect-Purchaser Antitrust Litigation* (participating in discovery); *In re Airline Baggage Fees Antitrust Litigation; In re Aftermarket Automotive Products Antitrust Litigation;* and *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litigation* (D.N.J. 2012).

The Firm has played prominent roles in numerous other antitrust class actions, including: *In re LCD Antitrust Litigation* (responsible for discovery and expert matters); *In re Nexium (Esomeprazole) Antitrust Litigation* (D. Mass. 2012) (executive committee member); *In re Auto Filters Antitrust Litigation; In re Polyurethane Foam Antitrust Litigation*; *Pearman v. Crompton*

*Corp.* (Tenn. Cir. Ct. Claiborne Cty.) (co-lead counsel in $4,250,000 settlement relating to price-fixed EPDM); *Pearman v. Crompton Corp.* (Tenn. Cir. Ct. Claiborne Cty.) (co-lead counsel in $2,117,000 settlement relating to price-fixed NBR); *Pearman v. Crompton Corp.* (Tenn. Cir. Ct. Claiborne Cty.) (co-lead counsel in $1,400,000 settlement relating to price-fixed neoprene); *In re Bulk Graphite Antitrust Litigation* (discovery co-chair); *In re Pressure Sensitive Labelstock Antitrust Litigation* (class-certification committee); *In re EPDM Antitrust Litigation* (co-chair of the briefing committee); *In re Carbon Black Antitrust Litigation* (co-chair of the briefing committee); *In re Vitamins Antitrust Litigation* (settlements of over $1.7 billion); *In re NASDAQ Antitrust Litigation* (settlements totaling $1.1 billion); and *In re Brand Name Prescription Drugs Antitrust Litigation* (settlements of approximately $700 million); *Boland v. Columbia Multi-Listing Service* (D.S.C. 2009) (lead counsel in case alleging price-fixing in the market for real estate brokerage services); *Robertson v. Hilton-Head Multi-Listing Service* (D.S.C. 2009) (lead counsel in case alleging price-fixing in the market for real estate brokerage services).

### THE FIRM'S SHAREHOLDERS

**MARK S. GOLDMAN.** Since 1986, Mark Goldman has concentrated his practice in complex litigation involving violations of the federal securities and antitrust laws, ERISA, and state consumer protection statutes. In addition to *Graf v. Cyber-Care,* mentioned above, Mr. Goldman has prosecuted a wide-range of securities cases, including a number of insider trading cases brought against company insiders who, in violation of Section 16(b) of the Securities Exchange Act of 1934, engaged in short swing trading, as well as the following securities fraud cases in which Mr. Goldman played a significant role:

- *In re Carter's, Inc. Securities Litigation* -- $23 million settlement (ND GA);
- *In re Aeropostle, Inc. Securities Litigation* -- $15 million settlement (SDNY);
- *In re K12, Inc. Securities Litigation* -- $6.75 million settlement (ED VA);

3

- *In re Gilden Activewear, Inc. Securities Litigation* -- $22.5 million settlement (SDNY);
- *In re Omnivision, Inc. Securities Litigation* -- $12.5 million settlement (ND CA);
- *In re Cbeyond, Inc. Securities Litigation* -- $2.3 million settlement (ND GA);
- *Lancer Funds Securities Class Action Settlement* -- $6 million settlement ((SD Fla);
- *In re Spectranetics Corp. Securities Litigation* -- $8.5 million settlement (D. Colo.);
- *In re Limelight Networks, Inc., Securities Litigation* -- $1.9 million settlement (D. AZ);
- *In re DG Fastchannel, Inc. Securities Litigation* $2 million settlement (SDNY);
- *In re Accuray, Inc. Securities Litigation* -- $13.5 million settlement (ND CA);
- *In re Coinstar, Inc. Securities Litigation* -- $6 million settlement (WD Wash.);
- *In re Celestica, Inc. Securities Litigation* -- $30 million settlement (SDNY).

In addition to his efforts in securities cases, Mr. Goldman served as co-lead counsel in a number of class actions brought against life insurance companies, challenging the manner in which premiums are charged during the first year of coverage. Mr. Goldman also has significant antitrust experience and currently serves as co-chair of the expert's committee in *In re Air Cargo Antitrust Litigation,* and also represented direct purchasers of bulk vitamins in a price-fixing and market allocation antitrust action, *In re Vitamin Products Antitrust Litigation,* where he helped coordinate pre-trial discovery conducted by dozens of firms jointly prosecuting the action.

Mr. Goldman earned his undergraduate degree from the Pennsylvania State University in 1981 and his law degree from the University of Kansas School of Law in 1986. He is a member of the Pennsylvania bar.

**PAUL J. SCARLATO.**   Mr. Scarlato has concentrated his practice principally in litigation of securities fraud and shareholder derivative cases, and ERISA class action matters since 1989. He has litigated numerous such cases involving companies in a broad range of industries, and has litigated many cases involving financial and accounting fraud.

In addition to *Kaufman v. Motorola, Inc., Seidman v. American Mobile Systems, Inc.,* (E.D. Pa.), and *In re: Corel Corporation Securities Litigation* (E.D. Pa.) mentioned above, Mr. Scarlato was

4

a member of the plaintiffs' teams that prosecuted *In re Broadcom Securities Litigation*, ($150 million settlement for the class), and *AOL Time Warner Securities Litigation*, ($2.5 billion settlement), and has played a prominent role in a number of other securities cases including:

- *In re Lehman Brother Equity/Debt Securities Litigation* -- settlements exceeding $600 million (SDNY);
- *Deutsche Alt-A Mortgage Backed Securities Litigation* – $57 million settlement (EDNY);
- *In re K12, Inc. Securities Litigation* -- $6.75 million settlement (ED VA);
- *In re Boeing Corp. Derivative Class Action* – Settlement resulted in ground-breaking corporate reforms (Chancery Court, Cook County, IL);
- *In re Compellent Technologies, Inc. Shareholder Litigation* – Settlement for significant corporate reforms including elimination of poison pill, reduction of deal termination fee and implementation of standstill agreement (Del. Ch.);
- *In re Herley Industries, Inc. Securities Litigation* -- $10 million settlement (ED PA).

Mr. Scarlato along with Mr. Penny, also played prominent roles in several significant cases challenging the practice of stock option backdating including:

- *In re SafeNet Inc. Securities Litigation* -- $25 million settlement (SDNY);
- *In re Semtech Securities Litigation* -- $20 million settlement (CD CA);
- *City of Westland Police and Fire System and Plymouth County Retirement System v. Sonic Solutions, et al.* -- $5 million settlement (ND CA).

Mr. Scarlato graduated from Moravian College in 1983, and received his Juris Doctor degree from the Delaware Law School of Widener University in 1986. He served as law clerk to the Honorable Nelson Diaz, of the Court of Common Pleas of Philadelphia County, and to the Honorable James T. McDermott, Justice of the Pennsylvania Supreme Court. Mr. Scarlato then became a member of the tax department of a "big-six" accounting firm where he provided a broad range of services to large business clients in a variety of industries.

Mr. Scarlato is a member of the bars of the Commonwealth of Pennsylvania and the State of New Jersey, and those of various federal district and circuit courts.

5

BRIAN D. PENNY.  Mr. Penny received his Bachelor of Arts degree from Davidson College, Davidson, North Carolina, in 1997 and earned his Juris Doctor degree from the Dickinson School of Law of the Pennsylvania State University in 2000. After graduating from law school, Mr. Penny served as law clerk to the Honorable John T.J. Kelly, Jr., Senior Judge of the Superior Court of Pennsylvania. Since joining the Firm, Mr. Penny has focused his practice on class action litigation principally in the areas of securities fraud, antitrust and consumer litigation.

Mr. Penny has prosecuted numerous securities fraud class actions over the course of his career.  He was a key member of the plaintiffs' teams that prosecuted *In re Broadcom Securities Litigation*, (settlement of $150 million for the class), and *AOL Time Warner Securities Litigation*, (settlement of over $2.5 billion).  Mr. Penny was also one of the lead attorneys representing the classes in a number of securities fraud actions arising out of stock option backdating, including, *In re Monster Worldwide, Inc. Securities Litigation* ($47.5 million settlement)*, In re Mercury Interactive Securities Litigation* ($117.5 million settlement)*, as well as *In re SafeNet, Inc. Securities Litigation* ($25 million settlement)*, Ramsey v. MRV Communications et al.* ($10 million settlement)*, and *In re Semtech Securities Litigation* ($20 million settlement)*.

Mr. Penny has played a prominent role in a number of other class actions involving violations of the antitrust, consumer and common laws.  For example, he was lead counsel in *Logue v. West Penn Multi-Listing Service* (W.D. Pa. 2010) (alleging price-fixing among brokers and multi-listing service and resulting in $2.75 million settlement), co-lead counsel in *Mirakay v. Dakota Growers Pasta Co.* (D.N.J. 2013) (alleging false and misleading advertising of pasta products); *Borris v. Wal-Mart* (C.D. Cal. 2013) (alleging false and misleading advertising of migraine pain relievers); *Allan v. Realcomp II* (E.D. Mich. 2010) (alleging price-fixing among brokers and multi-listing service and resulting in $3.25 million settlement); *Boland v. Columbia*

*Multi-Listing Service* (D.S.C. 2009) (alleging price-fixing among brokers and multi-listing service and resulting in $1 million settlement); *Robertson v. Hilton-Head Multi-Listing Service* (D.S.C. 2009) (alleging price-fixing among brokers and multi-listing service and resulting in significant relief for all class members).  Mr. Penny also served on the executive committees in *In Re NHL Concussion Litigation* (D. Minn. 2014); *In re Community Health Systems Inc. Customer Security Databreach Litigation* (N.D. Ala. 2015); and *In re Nexium (Esomeprazole) Antitrust Litigation* (D. Mass. 2012) (alleging generic suppression claims on behalf of end-payors); and is actively engaged as class counsel in *In re Ductile Iron Pipe Fittings (DIPF) Direct Purchaser Antitrust Litigation* (D.N.J. 2012) (alleging price fixing in the market for DIPF)..

**Exhibit B**

## EXHIBIT B

*IN RE VIROPHARMA INC. SEC. LITIG.*
(E.D. Pa. 2:12-cv-02714)

### LODESTAR REPORT

FIRM:   GOLDMAN SCARLATO & PENNY, P.C.
REPORTING PERIOD:  INCEPTION THROUGH SEPTEMBER 11, 2015

| PROFESSIONAL | STATUS* | HOURLY RATE | TOTAL HOURS TO DATE | TOTAL LODESTAR TO DATE |
|---|---|---|---|---|
| Mark S. Goldman | P | $695 | 11.70 | $8,131.50 |
| Paul J. Scarlato | P | $695 | 530.40 | $368,628.00 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| **TOTAL** | | | **542.10** | **$376,759.50** |

Partner        (P)