IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE VIROPHARMA INC. SECURITIES LITIGATION | : : : : : | CIVIL ACTION NO. 12-2714 |

### ORDER

AND NOW, this 25th day of January, 2016, upon consideration of the Motion filed by Carpenters' Local 27 Benefit Trust Funds ("Lead Plaintiff") for Settlement, (Dkt No. 91), including a Memorandum of Law in Support thereof, (Dkt No. 91-1), and Lead Plaintiff's Motion for Attorneys' Fees and Expenses, (Dkt No. 92), and Memorandum of Law in Support thereof. (Dkt No. 92-1), that no objections were filed by any member of the Settlement Class, and Lead Plaintiff's Response in Support of the Motion for Settlement, (Dkt No. 93), it is hereby ORDERED that:

1. The Clerk of Court is directed to remove this case from suspense.

2. This Court has jurisdiction over the subject matter of this Action, including the terms and conditions of the Settlement Agreement and all exhibits thereto and the Plan of Allocation of the Net Settlement Fund, and over all parties to the Action and all Settlement Class Members.

3. The Court hereby affirms its appointment of Lead Plaintiff as Class Representative for the Settlement Class and Labaton Sucharow LLP as Class Counsel for the Settlement Class.

4. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of April 28, 2015, (ECF No. 87-3) (the "Settlement Agreement") and all terms not otherwise defined herein shall have the same meanings as set forth in the Settlement Agreement.

5. This Court finds that the distribution of the Notice, the publication of the Summary Notice, and the notice methodology all were implemented in accordance with the terms of the Settlement Agreement and the Court's Preliminary Approval Order, and:

    a. constituted the best practicable notice to Settlement Class Members under the circumstances of the Action;

  b. were reasonably calculated, under the circumstances, to apprise Settlement Class Members of: (i) the proposed Settlement of this class action; (ii) their right to exclude themselves from the Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they are not excluded from the Settlement Class; and (v) the binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all Persons who are not excluded from the Settlement Class;

  c. were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

  d. fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(7), the Rules of the Court, and any other applicable law;

  e. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finds and concludes that due and adequate notice was directed to persons and entities who are Settlement Class Members, advising them of the proposed Plan of Allocation and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the Plan of Allocation;

  f. Notice of Lead Counsel's motion for attorneys' fees and payment of litigation expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for attorneys' fees and expenses satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995 (15 U.S.C. §78u-4(a)(7)), due process, and all other applicable law and rules, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

6. There were no objections to the Settlement, the Plan of Allocation, or the Fee Petition.

7. The Court hereby finally certifies the following class for the purposes of Settlement only (the "Settlement Class"), pursuant to Rules 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure: all Persons that purchased or otherwise acquired ViroPharma Securities between December 14, 2011 and

April 9, 2012, inclusive, (the "Class Period") and were damaged thereby. Excluded from the Settlement Class are: Defendants; the Company's officers, directors, and employees during the Class Period; the Company's, successors, and assigns; any person, entity, firm, trust, corporation or other entity related to, affiliated with, or controlled by any of the Defendants, as well as the Immediate Families of the Individual Defendants. No one has validly and timely requested exclusion from the Settlement Class in accordance with the requirements set forth in the Notice.

8. In light of the benefits to the Settlement Class, the complexity, expense and possible duration of further litigation against the Defendants, and the risks of establishing liability and damages, pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is, in all respects fair, reasonable and adequate, and in the best interests of Lead Plaintiff, the Settlement Class, and the Members of the Settlement Class. This Court further finds the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel representing the interests of Lead Plaintiff, the Settlement Class, and the Defendants. The Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

9. The Amended Class Action Complaint for Violations of the Federal Securities Laws, filed in this Action on October 19, 2012, is hereby dismissed with prejudice. The Settling Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement or this Judgment.

10. Upon the Effective Date, Lead Plaintiff and each and every Settlement Class Member, other than those excluded as defined in the Notice and Settlement Agreement, on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, subsidiaries, affiliates, executors, trustees, administrators, predecessors, successors, assigns, any trust of which Lead Plaintiff or any Settlement Class Member is the settlor or is for the benefit of a member of their Immediate Family, and any entity acting on behalf of Lead Plaintiff or any Settlement Class Member, in their capacity as Lead Plaintiff or Settlement Class Member, shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Claims, as against each and every one of the Released Defendant Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Claims against any of the Released Defendant Parties; and (iii) be deemed to have covenanted not to sue any Released Defendant Party on the basis of any Released Claims or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Claim against any Released Defendant Party. The foregoing release is

given regardless of whether Lead Plaintiff or any Settlement Class Members have: (i) executed and delivered a Proof of Claim form; (ii) received the Notice; (iii) participated in the Settlement Fund; (iv) filed an objection to the Settlement, the proposed Plan of Allocation, any application by Plaintiff's Counsel for attorneys' fees and expenses; or Lead Plaintiff's request for reimbursement of its expenses in representing the Settlement Class; or (v) had their claims approved or allowed. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

11. Upon the Effective Date, the Defendants, on behalf of themselves and each of their respective heirs, agents, representatives, attorneys, affiliates, executors, trustees, administrators, predecessors, successors and assigns shall: (i) be deemed to have fully, finally and forever waived, released, discharged and dismissed each and every one of the Released Defendants' Claims, as against each and every one of the Released Plaintiff Parties; (ii) be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Defendants' Claims against any of the Released Plaintiff Parties; and (iii) be deemed to have covenanted not to sue any Released Plaintiff Party on the basis of any Released Defendants' Claim or, unless compelled by operation of law, to assist any person in commencing or maintaining any suit relating to any Released Defendants' Claim against any Released Plaintiff Party. Nothing contained herein shall, however, bar any action or claim to enforce the terms of the Settlement Agreement or this Judgment.

12. All Persons who are excluded from the Settlement Class, as defined in the Notice and Settlement Agreement, are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement.

13. Neither the Settlement Agreement nor the terms of the Settlement Agreement shall be offered or received into any action or proceeding for any purpose, except: (i) in an action or proceeding arising under the Settlement Agreement or arising out of this Judgment; (ii) in any action or proceeding where the releases provided pursuant to the Settlement Agreement may serve as a bar to recovery; or (iii) in any action or proceeding to determine the availability, scope, or extent of insurance coverage (or reinsurance related to such coverage) for the sums expended for the Settlement and defense of the Action.

14. This Judgment, the Settlement Agreement, and any of their respective provisions, and any negotiations, proceedings or agreements relating to the Settlement Agreement and the Settlement, and any matters arising in connection with settlement negotiations, proceedings or agreements, and all acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement, shall not be offered or received against the Released Parties for any purpose, and in particular, do not:

4

    a. constitute, and shall not be offered or received against the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by the Released Defendant Parties for any purpose, including with respect to the truth of any fact alleged by Lead Plaintiff and the Settlement Class or the validity of any claim that has been or could have been asserted in the Action or in any action or other proceeding, including but not limited to the Released Claims, or of any liability, damages, negligence, fault or wrongdoing of the Released Defendant Parties;

    b. constitute, and shall not be offered or received against the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Defendant Parties, or against the Released Defendant Parties, Lead Plaintiff or any member of the Settlement Class as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

    c. constitute, and shall not be offered or received against the Released Parties, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against any of the Released Parties, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement or this Judgment;

    d. constitute, and shall not be construed against the Released Parties, as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

    e. constitute, and shall not be construed as or received in evidence as, an admission, concession or presumption against Lead Plaintiff or any other members of the Settlement Class that any of their claims are without merit or infirm, that a Settlement Class should not be certified, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

15. The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of Authorized Claimants that was set forth in the Notice of Pendency of Class Action and Proposed Settlement and Motion for Attorneys' Fees and Expenses (the "Notice") disseminated to Settlement Class Members provides a fair and reasonable basis upon which to allocate the net settlement proceeds among Settlement Class Members.

16. The Court hereby finds and concludes that the Plan of Allocation set forth in the Notice is, in all respects, fair and reasonable and the Court hereby approves the Plan of Allocation.

17. This Court finds that Lead Plaintiff and Lead Counsel adequately represented the Settlement Class under Rules 23(a)(4) and (g) of the Federal Rules of Civil Procedure for the purpose of negotiating, entering into, and implementing the Settlement and at all times during the pendency of this Action.

18. This Court finds that during the course of the litigation, Lead Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' Counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

19. Lead Counsel are hereby awarded attorneys' fees in the amount of 30% of the Settlement Fund, which sum the Court finds to be fair and reasonable, and $155,197.23 in litigation expenses, which fees and expenses shall be paid to Lead Counsel from the Settlement Fund pursuant to the terms of the Settlement Agreement. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which it, in good faith, believes reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.

20. In making this award of attorneys' fees and litigation expenses to be paid from the Settlement Fund, the Court has considered and found that:

    a. The Settlement has created a fund of $8,000,000 in cash that has been funded into an escrow account pursuant to the terms of the Settlement Agreement, and that numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiff's Counsel;

    b. The fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by Lead Plaintiff, which is a sophisticated institutional investor that was substantially involved in all aspects of the prosecution and resolution of the Action;

    c. Copies of the Notice were mailed to 18,618 potential Settlement Class Members and nominees stating that Lead Counsel would apply for an award of attorneys' fees in an amount not to exceed 30% of the Settlement Fund and payment of litigation expenses in an amount not to exceed $275,000, and no objections to the fee and expense request have been submitted;

    d. Plaintiff's Counsel have conducted the litigation and achieved the Settlement with skillful and diligent advocacy;

6

    e. The Action involves complex factual and legal issues and was actively prosecuted for nearly three years;

    f. Had Plaintiff's Counsel not achieved the Settlement there would remain a significant risk that Lead Plaintiff and the other members of the Settlement Class may have recovered less or nothing from the Defendants;

    g. Plaintiff's Counsel devoted more than 4,500 hours, with a lodestar value of approximately $2.6 million, to achieve the Settlement; and

    h. The amount of attorneys' fees awarded and expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

21. Any appeal or any challenge affecting this Court's approval of any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

22. Nothing in this Judgment constitutes or reflects a waiver, release or discharge of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives.

23. The Settling Parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Agreement and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Agreement are done in accordance with the terms of Paragraph 52 of the Settlement Agreement, are not materially inconsistent with this Judgment, and do not materially limit the rights of Settlement Class Members under the Settlement Agreement.

24. Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

25. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

26. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order's provisions regarding the award

        of Attorneys' Fees shall be rendered null and void to the extent provided by the Settlement Agreement.

27. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for delay in the entry of judgment. The Clerk is hereby directed to immediately enter this Judgment.

        BY THE COURT:

        /s/ C. Darnell Jones, II

        _____

        C. Darnell Jones, II     J.